UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LANCE GEORGE OWEN, | ) | Civ. 09-4058-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | ) ) ) | |
| Respondent. | ) | |

Petitioner, Lance George Owen, is an inmate at the South Dakota State Penitentiary. This court denied his pro se petition for writ of habeas corpus on July 30, 2010. He now requests a certificate of appealability and leave to proceed in forma pauperis on appeal. He also moves to dismiss the indictment against him, seeks an evidentiary hearing, asks that the court appoint counsel to assist him in his appeal, and requests an extension of time for the filing of his objections. In addition, Owen seeks two injunctions, one directing that prison officials make legal copies for him and provide him with undelayed access to a notary public and the prison law library, and another asking this court to order an investigation into a threatening letter he received after filing his appeal.

## DISCUSSION

**I.  Certificate of Appealability**

Owen may not appeal the denial of his petition under 28 U.S.C. § 2254 unless he receives a certificate of appealability. 28 U.S.C. § 2253(c)(1). Owen must make "a substantial showing of the denial of a constitutional right" to receive a certificate of appealability. *Id.* § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009) (citing *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997)). Owen seeks a certificate of appealability as to seven claims, which can be condensed into three separate issues: the denial of an evidentiary hearing on his habeas claim; the determination that his unlawful imprisonment claim is procedurally defaulted; and the finding that state court jurisdiction was proper.

**A.  Denial of Evidentiary Hearing**

Owen was denied an evidentiary hearing because he failed to make the requisite showing that he was entitled to a hearing in federal court. A § 2254 petitioner is not entitled to an evidentiary hearing unless he shows that the claim relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

2

previously unavailable," or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(i)-(ii). These restrictions are "mandatory" and bar evidentiary hearings in most § 2254 proceedings. *Williams v. Norris*, 576 F.3d 850, 859 (8th Cir. 2009). Section 2254(e)(2) prevents an evidentiary hearing unless the petitioner "was unable to develop his claim in state court despite diligent effort." *Williams*, 576 F.3d at 860 (citing *Williams v. Taylor*, 529 U.S. 420, 437 (2000)).

In this case, Owen did not make either showing. Owen was not claiming relief under a new rule of constitutional law. And Owen was granted a state court evidentiary hearing on the jurisdiction issue, which enabled him to develop his claim. Owen did not seek a state court hearing on the unlawful imprisonment issue or present the issue on direct appeal. But there was "no state court ruling or other state-created impediment that prevented [Owen] from developing the basis" of his unlawful imprisonment claim. *Id.* at 862. Thus, § 2254(e)(2) prohibited an evidentiary hearing in federal court. Thus, Owen is not entitled to a certificate of appealability on this issue.

**B.    Procedural Default of Unlawful Imprisonment Claim**

Owen's unlawful imprisonment claim was dismissed because he failed to raise the issue during his direct appeal. Owen did not demonstrate cause, actual prejudice, or that a miscarriage of justice would occur because he was

3

actually innocent. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to . . . [a] state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Thus, Owen's procedural default of his unlawful imprisonment claim is not excused. *Id.* *See also* Docket 17, Order Denying Petition for Writ of Habeas Corpus at 4 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," no certificate of appealability should issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Accord Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006) (holding it was error for a district court to grant a certificate of appealability where issue was procedurally defaulted and petitioner did not argue that there was cause and prejudice to excuse his procedural default). Because Owen's unlawful imprisonment claim is procedurally defaulted, he is not entitled to a certificate of appealability on this issue.

### C. State Court Jurisdiction

Owen also seeks a certificate of appealability regarding this court's conclusion that the South Dakota state court had proper jurisdiction over

4

his crimes. Owen asserts that an Indian housing project in Peever, South Dakota, the location of the crimes, should be classified as a dependent Indian community under 18 U.S.C. § 1151. Under Owen's view, the housing project would qualify as Indian country, thereby depriving the state of criminal jurisdiction.

This court found that the Peever housing project did not qualify as a dependent Indian community under the tests set forth in *United States v. South Dakota*, 665 F.2d 837 (8th Cir. 1981) and *Alaska v. Native Village of Venetie Tribal Government*, 522 U.S. 520 (1998). Docket 17. Under *Venetie*, land must possess two essential characteristics to be classified as a dependent Indian community. *Id.* at 527. First, the land must be "set aside by the federal government for the use of the Indians as Indian land." *Id.* Second, the land must be under "federal superintendence." *Id.* Because the housing project land was leased to the Sisseton-Wahpeton tribe by the town of Peever, this court concluded the federal set-aside requirement was not met. Docket 17 at 7-8. Thus, the housing project could not be considered a dependent Indian community.

This conclusion may be "debatable by reasonable jurists." *Bell*, 586 F.3d at 632 n.3. While the South Dakota Supreme Court also concluded that the housing project did not qualify as a dependent Indian community in *State v. Owen*, 2007 SD 21, 729 N.W.2d 356, it is not settled law in the

5

Eighth Circuit. The Court of Appeals has not addressed this issue. It is possible the Eighth Circuit could reach a different conclusion and determine that the Peever Housing Project qualified as a dependent Indian community. Accordingly, a certificate of appealability is granted on this issue.

**II. Motion to Dismiss Indictment**

Owen also moves to dismiss the indictment in his state criminal case, which charged him with first-degree murder and aggravated assault. He argues that Judge Piersol's referral of his federal habeas petition to Magistrate Judge Simko violated his due process rights. Owen does not assert whether it was the manner of the referral or the referral itself that allegedly violated his due process rights.

Referral to a magistrate judge is explicitly authorized by 28 U.S.C. § 636. A judge is permitted to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B). If a magistrate judge does propose findings and recommendations and a party objects to them, the district judge conducts a de novo review of the magistrate judge's findings and recommendations. *Id.* Magistrate Judge Simko ruled on only two motions in this case. He granted Owen's motion to proceed in forma pauperis and

6

denied his motion requesting a certificate of probable cause for appeal as premature. Docket 8. These rulings did not deny Owen due process of law, nor did Judge Piersol's referral of the case to Magistrate Judge Simko violate his due process rights.

Even if Owen's due process rights had been violated, a motion to dismiss the indictment against him would not be the appropriate form of relief. Federal courts generally abstain from interfering in state criminal proceedings. *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Furthermore, Owen's motion is also untimely. A motion to dismiss an indictment generally must be made before trial; at the very least it must be made during the pendency of the trial. See SDCL 23A-8-3 ("Any . . . request which is capable of determination without the trial of the general issue may be raised before trial by motion . . . The following must be raised *prior to trial* . . . (3) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time *during the pendency* of the proceedings[.]") (emphasis added). See also Fed. R. Crim. P. 12 ("The following must be raised *before* trial . . . a motion alleging a defect in the indictment or information–but at any time *while the case is pending*, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or state an offense.") (emphasis added). Owen's state criminal

case is complete; he is seeking federal post-conviction relief. Accordingly, Owen's motion is denied as untimely.

## III. Evidentiary Hearing

Owen also moves for an evidentiary hearing on his habeas claims. Because this court has already dismissed his § 2254 petition, his request for a hearing is moot. This court denied an earlier motion for an evidentiary hearing on July 30, 2010. Docket 17, Order Denying Petition for Writ of Habeas Corpus. Furthermore, as discussed *supra*, Owen has not made the showing required by 28 U.S.C. § 2254(e). Accordingly, Owen's request for an evidentiary hearing is denied.

## IV. Appointment of Counsel

Owen asks for the appointment of an attorney to represent him in this proceeding and on appeal. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings[.]" *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). In determining whether the appointment of counsel is necessary, the court should consider the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims without court-appointed counsel. *Id.* at 756. Owen's case is not so complex that both the court and Owen would benefit from the appointment of counsel. The issues that are not procedurally barred have been fully litigated in state and federal court. Finally, Owen has demonstrated an ability to

research and articulate his claims. Accordingly, the appointment of counsel is not warranted and is denied.

## V. Extension of Time

Owen moves for an extension of time to file a brief in support of his broad objections to this court's July 30 order. In his motion, Owen references Rule 8 of the rules governing § 2254 proceedings. Rule 8(b) provides that a party may file objections fourteen days after being served with a magistrate judge's proposed findings and recommendations. R. Governing § 2254 Proceedings in U.S. Dist. Courts 8(b). But in this case, a magistrate judge did not enter proposed findings and recommendations. Rather, this court denied Owen's petition for writ of habeas corpus without referring it to a magistrate judge. Docket 16, 17. Owen is not required to file objections, because there were no proposed findings and recommendations by a magistrate judge. Accordingly, his motion for an extension of time to file objections is denied.

## VI. Motions for Injunctive Relief

Owen moves for two separate injunctions. First, Owen seeks an order directing the respondent, Douglas Weber, and the South Dakota State Penitentiary Staff to "notarize petitioner's documents properly and without undue delay to meet court's allotted time period(s) and standards and for legal aide [name omitted] to make legal copies without waiting 4-10 days for copies herein, and for [staff] to immediately legal-stamp, seal, and mail out-

going legal without sitting on her desk for 1-2 days. . . and for [staff member] to allow [Owen] more time in law library." Docket 33. Owen asserts that these practices jeopardize his ability to meet this court's deadlines and may impact his ability to file an appeal. *Id.*

Owen's second request for an injunction seeks an order directing the United States Attorney's Office to investigate a letter he received, which he perceives as threatening. Docket 36. The unsigned letter, dated September 18, 2010, states as follows (verbatim): "Lance George Owen Murderer: You have no case Tribal-Federal-State You still killed someone. You have no rights. Get over it and be the bitch you are to the guys. Murderer: till the day you Die." Docket 37, Exhibit 1. The letter has a Sisseton, South Dakota, return address. *Id.* Owen construes this letter as a threat against him if he appeals and alleges that there is a conspiracy between the South Dakota Department of Corrections and the Roberts County State's Attorney Office. Docket 36, 37. It appears Owen believes the letter threatens his appeals because the letter arrived after he had filed his motion to appeal the denial of his federal habeas petition. *Id.* Owen also attaches two informal resolution requests to his affidavit in support of his motion. Docket 37, Exhibit 2. Neither of these informal resolution requests relates to the September 18 letter. *Id.*

In considering a request for an injunction, four factors are relevant. *Dataphase Sys., Inc., v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

First, the court must consider the threat of irreparable harm. *Id.* The second consideration is "the state of the balance between this harm and the injury that granting the injunction will inflict on other parties." *Id.* The third factor is the probability that movant will succeed on the merits. *Id.* The fourth and final factor is the public interest. *Id.* The prison setting creates a unique background. "In the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

### A. Legal Copies, Notary Public, and Immediate Mailing

First, Owen must demonstrate a likelihood of irreparable injury. Owen has not asserted any harm, aside from a concern that he may miss a procedural deadline. Nor has he asserted specific facts in support of his allegations of delay attributable to prison notaries or legal aides. Thus, he has not shown irreparable harm will occur. Furthermore, the prisoner mailbox rule mitigates Owen's concern with legal mail "sitting on" a staff member's desk. The prisoner mailbox rule provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last date for filing." R. Governing § 2254 Cases in the U.S. Dist. Courts 3(d). This rule insulates prisoners from the problem of an untimely filing due to delay by prison staff. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) ("[P]ro se prisoners have no control over

11

delays between the prison authorities' receipt of the notice [of appeal] and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally.").

The second factor to consider is the balance of the threat of harm against the harm that will occur if an injunction is issued. *Dataphase*, 640 F.2d at 113. "Traditionally, federal courts have adopted a broad hands-off attitude towards problems of prison administration." *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). It is not the role of federal courts to micro-manage state prisons. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994), *cert.denied*, 513 U.S. 1185 (1995). Conversely, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment . . . such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). If this court were to issue the injunction Owen seeks, the staff of the South Dakota State Penitentiary would be required to accord his requests for help with his legal proceedings priority over other similar requests from other inmates. Because Owen has not demonstrated a likelihood of irreparable injury, the burden that would be placed on prison administrators by the injunction outweighs any ostensible injury to Owen.

The third factor to be considered is the likelihood of success on the merits. *Dataphase*, 640 F.2d at 113. Owen's petition was dismissed by this court and a certificate of appealability is granted on one issue.

The final factor considered in determining whether an injunction should issue is the public interest. *Dataphase*, 640 F.2d at 113. While the public does have a general interest in ensuring that the constitutional right of access to the courts is preserved, here Owen has not alleged that the practices he complains of deprive him of meaningful access. Even if Owen had argued that the practices did impair his right of access to the courts, the harm created by the "delays" he complains of would be minimal. This interest is outweighed by the countervailing public interest in orderly administration of the prisons. *See Wycoff v. Nix*, 975 F.2d 867 (8th Cir. 1992) (affirmed denial of injunction where public interest in efficient prison administration outweighed general interest in constitutional rights and prisoner had shown no injury). The balance of the *Dataphase* factors weighs against granting the injunction that Owen requests. Accordingly, his motion is denied.

**B.     Investigation**

Owen also requests an injunction directing an investigation of the letter he received. This request is also governed by the *Dataphase* factors. First, Owen has not demonstrated a likelihood of irreparable harm if this court does not order the United States Attorney's office to investigate. In order to demonstrate irreparable harm, he must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782

F.2d 112, 115 (8th Cir. 1986). While Owen interprets the letter as a threat against him if he appeals, the letter does not indicate that the writer intends to take any action against him. Nor does the letter provide any indication that anyone involved with or employed by the Department of Corrections wrote or had knowledge of the letter. Owen's assertions of a "conspiracy" are unsupported by any facts. Owen also asserts he fears for the lives of his children and ex-wife due to the letter. But Owen and his "case" are the only things mentioned in the letter. He has not demonstrated that harm is certain and imminent.

The second relevant factor is the balance of the threat of harm and the harm that would occur if the injunction were issued. Issuing the injunction would allow Owen to circumvent the internal remedy processes of the South Dakota State Penitentiary. Both Congress and the courts have recognized the importance of resolution of prison disputes at the administrative level before resorting to the federal courts. *See, e.g.,* Prison Litigation Reform Act of 1995, Pub. L. No. 104-34, 110 Stat. 1321-71 (requiring the exhaustion of administrative remedies before federal suit challenging prison conditions may be commenced); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) ("[C]orrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. . . . And for cases ultimately brought to federal court, adjudication could be facilitated by an administrative record that clarifies the

contours of the controversy.") Owen is not statutorily required to exhaust the administrative remedies available to him at the institutional level. But the same policy considerations that require administrative exhaustion in some cases are relevant here. In addition to these considerations, the court is mindful of the Eighth Circuit's admonition that judicial restraint is especially warranted in actions for injunctive relief against prison officials. *Goff*, 60 F.3d at 520. In this case, the potential harm caused by undermining the internal resolution processes of the South Dakota Department of Corrections outweighs any threat of injury.

The third factor is the likelihood of success on the merits. Given the allegations contained in Owen's motion, it does not appear that he would prevail if he were to bring a separate cause of action for the threat. Owen has also not succeeded in his habeas action before this court, although a certificate of appealability was granted on the state court jurisdiction issue.

The final factor is the public interest. The public undoubtedly has an interest in the efficient management of the resources of the United States Attorney's office. But if the conspiracy Owen alleges did in fact exist, the public interest would be served by an investigation. Owen's allegations, however, are conclusory and not supported by any facts. Given these bare, unsupported claims, it is doubtful that the public interest would be served by ordering an investigation. Owen's failure to first present these allegations to South Dakota State Penitentiary authorities for an internal investigation

also weighs against finding that the public's interest would be served by ordering an investigation. Because the *Dataphase* factors do not weigh in Owen's favor, his motion for an injunction directing the United States Attorneys office to investigate the letter he received is denied.

**CONCLUSION**

Owen has failed to make a substantial showing of the denial of a constitutional right on two issues. He is granted a certificate of appealability on the issue of whether state court jurisdiction was proper. He has not demonstrated that the appointment of an attorney to represent him would benefit either him or the court. Thus, his motion for the appointment of counsel is denied. In addition, Owen has not shown he is entitled to the various other forms of relief he seeks from this court.

Lastly, Owen moves to proceed in forma pauperis on appeal. He was granted leave to proceed in forma pauperis on his petition for writ of habeas corpus. Under Fed. R. App. P. 24(a)(3), no further authorization is required for Owen to proceed in forma pauperis on appeal. His motion is granted. Accordingly, it is

ORDERED that Owen's motion for a certificate of appealability (Docket 19) is granted in part and denied in part. The certificate of appealability is granted as to the issue of whether state court jurisdiction was proper.

IT IS FURTHER ORDERED that Owen's motion to proceed in forma pauperis on appeal (Docket 22) is granted.

IT IS FURTHER ORDERED that Owen's motion to dismiss the indictment (Docket 25) is denied.

IT IS FURTHER ORDERED that Owen's motion for an evidentiary hearing (Docket 27) is denied.

IT IS FURTHER ORDERED that Owen's motion to appoint counsel (Docket 28) is denied.

IT IS FURTHER ORDERED that Owen's motion to extend time to file brief (Docket 29) is denied.

IT IS FURTHER ORDERED that Owen's motion seeking an injunction ordering prison officials to comply with his requests (Docket 33) is denied.

IT IS FURTHER ORDERED that Owen's motion for an injunction directing the United States Attorney's office to investigate (Docket 36) is denied.

Dated October 19, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE